UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RUSSELL JERRY JOSEPH, et al.,<br><br>Defendants. | Criminal No. 06-102 (JDB)<br><br>FILED<br><br>SEP 0 5 2006<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER

Because of the expected length and complexity of the proceedings in the above-captioned matter, and pursuant to paragraph 2.30A of the Guidelines for the Administration of the Criminal Justice Act, the following procedures for interim payments shall apply to CJA-appointed counsel during the course of their representation of defendants in this case:[1]

Counsel may submit to the Office of the Federal Public Defender, each month, an appropriate interim CJA Form which shall be supported by detailed and itemized time and expense statements. Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

The Court will review the interim vouchers when submitted and will authorize compensation to be paid for the approved number of hours, up to a total of $7,000.00, and for all reimbursable expenses reasonably incurred during the interim period. To the extent that the first interim voucher or any subsequent interim vouchers cumulatively seek hourly compensation

---

[1] Counsel for defendant Joseph submitted a motion styled as an "ex parte" motion for interim payments for CJA-appointed counsel. Counsel subsequently informed the Court that the submission of the motion on an ex parte basis was inadvertent, and agrees that this Order and the motion may be placed on the public record.

exceeding the $7,000.00 CJA per-case ceiling (excluding reimbursement sought for expenses), those vouchers must be approved by both this Court and the Chief Judge of the Circuit or his delegatee before disbursement may be made. One-third of the out-of-court compensation approved for each voucher shall be withheld until the final accounting.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment of the one-third balance withheld from the earlier interim vouchers, as well as payment for representation provided during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After review by the Office of the Federal Public Defender, the Court will review each final voucher and submit it to the Chief Judge of the Circuit or his delegatee for review and approval.

Date: August 3, 2006

_____
John D. Bates
United States District Judge

Date: August 30, 2006

_____
Janice Rogers Brown
Judge, United States Court of Appeals
for the District of Columbia Circuit

Copies to:

Allen H. Orenberg
11200 Rockville Pike, Suite 300
North Bethesda, MD 20852

*Counsel for Defendant Joseph*

Thomas Abbenante
1919 Pennsylvania Ave., NW, Suite 200
Washington, DC 20006

*Counsel for Defendant Gittens*

Diane Leply, Esq.
400 Seventh St., NW, Suite 400
Washington, DC 20006

*Counsel for Defendant Suchit*


Bruce Hegyi
Jeanne Marie Hauch
U.S. Attorney's Office
555 Fourth St., NW
Washington, DC 20004

*Counsel for the United States*

Erica Freeman
Panel Administrator
Office of the Federal Public Defender
625 Indiana Ave., NW, Suite 550
Washington, DC 20004