## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     :

               v.                  :

JASON ERROL PERCIVAL     :
           Defendant

Crim. No. 06 - 102-1  (JDB)

Judge BATES

TO THE CLERK OF THE COURT:

    Please file the attached letter in the jacket of the above-captioned case.

               Respectfully Submitted,

               Christopher M. Davis

               Davis & Davis
               The Lincoln Building
               514 10th Street,  N.W.
               9th Floor
               Washington, D.C.  20004
               (202) 234-7300

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of this letter was electronically served (CTF) on all counsel of record, on this 5th day of March, 2007.

               Christopher M. Davis

# DAVIS AND DAVIS

ATTORNEYS AT LAW

THE LINCOLN BUILDING
514 10TH STREET, N.W.
NINTH FLOOR
WASHINGTON, D.C. 20004

CHRISTOPHER M. DAVIS
MARY E. DAVIS

OFFICE: (202) 234-7300
FAX: (202) 686-0391

March 5, 2007

Bruce R. Hegyi, AUSA
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

      Re:  Discovery in <u>United States v. Jason Errol Percival</u>
           Criminal No. 06-102-01 (JDB)

Dear Mr. Hegyi:

In regard to discovery matters in the above referenced case, below is a list of materials in which we are of need.  Additionally, please provide us with any 404(b) notice so that we may litigate, if necessary, prior to trial.  This request will serve as formal notice that we are requesting said materials.

1.   The discovery and inspection requested below where said material and information is in the Government Attorney's possession or control or in the possession and control of members of his/her staff, or any individual connected with the investigation of the case including all members of the Trinidad Department of Public Prosecutions, the FBI and any other law enforcement agency:

(a).  Any material or information tending to negate the guilt of the Defendant as to any offense charged in any of the counts contained in the above-captioned indictment, or tending to reduce the Defendant's punishment therefor.  Said material and information includes the following:

(1) All documents, paper and matters of any kind or nature of an exculpatory nature, or more properly reflecting or tending to reflect or assist the Defendant in establishing reasonable doubt on any and all charges contained within the indictment or to mitigate punishment.

(2) All information of any kind or nature reflecting the non-presence of the accused in any respect to any of the matters averred to in any of the counts contained in the indictment in the above-captioned case.

(3) All evidence going to the lack of credibility or lack of sanity of any government witness together with any other impeachment evidence oral or written pertaining to government witnesses in this case.

(4) All statements of witnesses whether oral or written tending to exculpate the Defendant.

(5) All documents, papers or information (of an oral nature) reflecting an agreement between the U.S. Attorney's Office, the FBI or the Trinidad Department of Public Prosecutions and the defendant Percival himself, any witness or co-defendant, co-conspirator (indicated or otherwise), if any, respecting any form of what might be construed or considered immunity, promises, inducements, assurances or recommendations to be made on their behalf in any pending investigation (Trinidadian, State or Federal), any trial or prosecution (Trinidadian, State or Federal), any probation or parole consideration, adjudication or hearing (park work, alternative community service, work release, furlough, educational or otherwise), (Trinidadian, State or Federal), or any matters which may be considered as such by the witnesses.

3

(6) Any and all criminal records, arrests, convictions or evidence concerning the mental instability of any witness for the prosecution either in its case in chief or as a rebuttal witness which may be useful to the accused in the proper impeachment of the witness' credibility or in the proper demonstration of bias towards the accused or of his interest in the outcome of the litigation.

(7) Any other matter in the possession, control or knowledge of the prosecution or in the exercise of reasonable care and diligence (irrespective of good faith) which could be in the possession, control or knowledge of the prosecution which may be deemed to exculpate the accused or assist him in the totality of all facts pertaining to the case in establishing reasonable doubt and/or pointing to the involvement of others, whether directly or indirectly, inclusive but not limited to any inculpatory-exculpatory statements (if any, of any co-defendant/co-conspirator indicted or otherwise) in this case or related offenses.

(b) Any relevant material or information regarding:

(1) Any search or seizure of any kind of the Defendant or Co-Defendant in this case, together with a copy of all arrest warrants, search warrants, applications and affidavits in support thereof, inventories, and all reports regarding any such searches and seizures whether or not the government intends to use any so seized materials at any hearing in the above-captioned case or at the trial of this matter.

(2) Any information regarding the interception of any telephonic communications or any eavesdropping of any person whether or not an agent of the Government (domestic or foreign) in connection with this case whether by the consent of the Defendant or Co-Conspirator in the case or not, together with a copy of all Court orders authorizing

4

or extending the authority for any wire tapping or eavesdropping, applications and affidavits in support thereof, and all reports regarding such wire tapping or eavesdropping, whether or not the Government intends to use any evidence gained directly or indirectly by such wire tapping or eavesdropping at any hearing or at the trial of this matter.

(3)  Any information including statements, photographs, or other physical evidence regarding any pretrial identification of the Defendant or any Co-Defendant by any witness and a copy of all reports regarding such identification.

(4)  The substance of each oral statement and a copy of each written or recorded statement made by the Defendant to any person, and a copy of all reports of such statement.

(5)  The substance of each oral statement and a copy of each written or recorded statement made by any Co-Defendant or alleged Co-Conspirator in this case to any person, and a copy of all reports of each such statement.

(6)  A list of the names, addresses, home and business telephone numbers of each person whom the government intends to call as a witness at any hearing in the above-captioned case, or at the trial to prove its case in chief or to rebut alibi testimony.

(7)  To furnish counsel prior to the commencement of the trial in this case with a copy of all memoranda or summaries of any oral statement made to an agent of the Government (domestic or foreign) by any person in connection with the subject matter of this case whether or not (a) the statement, if in writing, has been signed, or approved by the witness, and (b) the statement relates to the proposed subject matter of the direct testimony of the witness at trial.

(8)  To produce and permit the Defendant at a time previously designated by the Government which is mutually convenient between the Government and the Defendant to inspect or copy all written reports or statements made in connection with his case by each expert <u>consulted</u> by the Government whether or not the Government intends to call said expert as a witness at a hearing or trial in connection with this case.  This request includes the results of any physical or mental examination, scientific tests, experiment or comparison, and the substance of any report or conclusion made in connection with this case by each expert consulted by the Government.  Further, defendant requests the opportunity to have an expert of his own choosing to examine any physical evidence, including but not limited to, fingerprint and drug evidence, and to have such experts conduct examinations and tests, including but not limited to analysis of content and weight of any illegal substances which are the subject of the case herein.

(9)  To produce and permit the Defendant to inspect and copy any books, papers, recordings, or photographs and to inspect and photograph any tangible objects which the Government intends to use at the hearing or trial in the above-captioned case. Said production and permission shall take place by the designation of the Government at a mutually convenient time and place.

(10)  To disclose to the Defendant the existence of any and all items obtained from or belonging to the Defendant and to permit the Defendant to inspect, copy and photograph such items at a time and place initially designated by the Government which is mutually convenient, whether or not the Government intends to use the item at any hearing or trial.

(11)  To disclose to the Defendant whether or not the prosecuting attorney has any relevant material or information which has been provided by a confidential informant.

(12)  If the Government's Attorney or any member of his/her staff or any individual connected with the investigation of the case has in its possession or control any relevant material or information which has been provided by a confidential informant who was either present at the time of the alleged violation, or participated with the Defendant in the violation in any manner whatsoever, then please furnish the Defendant with the identity, address, business and home telephone number of said person or persons.

(13)  The name, address and telephone number of any informer, through whom information was derived which culminated in a search either with or without a search warrant or whose information culminated in an arrest with or without an arrest warrant, or said information is in the possession or control of the Government's Attorney, a member of her staff, or any individual connected with the investigation of this case.

(14)  To furnish counsel with a copy of all reports or memoranda prepared on behalf of the Government by the police or otherwise in connection with the investigation of this case.

(c)  The following material or information relating to the indictment returned by the Grand Jury in this case:

(1)  Please submit the recorded Grand Jury testimony of any named or unnamed alleged accomplices, accessories, or co-conspirators in this case, as well as the Grand Jury testimony made on behalf of the Defendant, by the Government, and the testimony of any agent or employee of the Defendant.

7

(2) Please furnish counsel with a copy of the transcript of the testimony given before the Grand Jury during its investigation in consideration of the subject matter herein by any persons whether or not the Government intends to call him to testify at the trial.

(3) Please provide counsel with any and all information which may serve as grounds to dismiss the indictment because of matters occurring before the grand jury or which evidence any grounds of impropriety whatsoever occurring before or in conjunction with this matter as it relates to the grand jury.

2.   Please provide counsel with a written summary of the expert testimony the government intends to use during its case in chief.

3.   Pursuant to Rule 16 of the Superior Court Rules of Criminal Procedure, the requests made herein are continuing in nature in that the U.S. Attorney's Office, the members of his/her staff and any others who participated in the investigation of the above-captioned case (including foreign agencies) are requested to promptly furnish the Defendant any additional matter discovered after compliance with the request herein, and if any additional matter is discovered during the trial, in addition to furnishing Defendant or his counsel any additional matter discovered after compliance with the request herein, the Assistant U.S. Attorney shall notify the Court that the matter is being furnished to the Defendant.

4.   All facts that the government intends to rely upon or use in any way in sentencing.

5.   The Defendant further reserves the right to file appropriate Motions until such time as the Government has made disclosure in accordance with this Defendant's Request for Discovery and any Request for Bill of Particulars that may have been filed in this case.

The Defendant further reserves the right to file additional requests for particulars and/or Discovery depending upon the substance of the Government's answers.

Yours very truly,

Christopher M. Davis